UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Eric Childress, #44195-083, | ) | C/A No. 4:08-1579-SB-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | REPORT AND |
| | ) | RECOMMENDATION |
| FCI Bennettsville Warden Mr. M. Pettiford, ; | ) | |
| Assistant Warden, Mr. Smith; | ) | |
| Captain Ms. Denise Bawling; | ) | |
| SHU Lieutenant D. Schantz; Lieutenant L. Miller; | ) | |
| Lieutenant Senior Officer D. Moore; | ) | |
| Doctor Luis Berrias; Doctor Julia Berrias; | ) | |
| Nurse H. Hansen; Cor. Officer Cash; | ) | |
| Cor. Officer Young; Cor. Officer Ms. Douglas; | ) | |
| Cor. Officer Jones; Cor. Officer Ms. Cartwright; | ) | |
| Unit Manager J. Streeval; Case Manager Mr. Steamer; | ) | |
| Counselor Mr. Lewis; J. Rittenhouse; and | ) | |
| Assistant Warden, Mr. Masaconi, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This is a civil action filed by a federal prisoner. The plaintiff, Eric Childress (Plaintiff), is proceeding *pro se*. Under Local Rule 73.02(B)(2), pretrial proceedings in this action have been referred to the assigned United States Magistrate Judge.

**PROCEDURAL HISTORY**

Plaintiff filed a complaint against eighteen defendants, two of which were only identified as assistant wardens with no known names [docket # 1]. But the case was not in proper form for service of process, so by Order dated May 14, 2008, the Plaintiff was given a specific time frame in which to bring his case into proper form [docket # 6]. The Plaintiff partially complied by paying the filing fee [docket # 10], but did not provide the necessary service papers. By Order dated July 7,

2008, the Plaintiff was given a second opportunity to bring this case into proper form [docket # 13]. The Plaintiff complied by providing service documents, and by Order dated August 7, 2008, the United States Marshal was directed to serve the complaint within 90 days [docket # 19]. The Order also acknowledged receipt of service papers with names for the unidentified assistant wardens in the complaint, and directed that the names provided, Smith and Kowinski, be placed on the docket for the previously unnamed assistant wardens. On September 2, 2008, the Plaintiff filed an amended complaint to add Defendant J. Rittenhouse as a party to this action [docket # 23], and service of the amended complaint was directed by Order dated September 8, 2008 [docket # 25].

From September 10, 2008 [docket # 30] through December 2, 2008 [docket # 57], the U.S. Marshal's office filed returns stating service of the summons and complaint had been executed on the Defendants, except for Defendants Kowinski, Young, Jones and Douglas, which have returns stating service of the summons and complaint were attempted but were unexecuted. Defendant Rittenhouse, the added defendant, was served with the amended complaint on November 4, 2008 [docket # 55], and pursuant to Rule 5 of the Rules of Civil Procedure, counsel for the remaining Defendants was served with the amended complaint through the ECF system on November 10, 2008 [docket # 52]. On October 20, 2008, counsel for Defendants filed a Motion to Consolidate Response Times, to which Plaintiff did not respond. The motion to consolidate was granted as unopposed on February 20, 2009 [docket # 60].

On October 22, 2008, Plaintiff filed a Motion to Amend/Correct to replace Defendant Kowinski with Defendant Masaconi, the assistant warden the Plaintiff claims he intended to name [docket #48]. Plaintiff's Motion to Amend/Correct has been granted and construed as a second amended complaint.

The U. S. Marshal has served the complaint on the Defendants named in the complaint, with the exception of Defendants Young, Jones and Douglas, on which service was attempted but not executed. The U. S. Marshal has also served the amended complaint on Defendant Rittenhouse. The amended complaint was also served upon counsel for the Defendants pursuant to Rule 5 through the ECF system by regeneration of the Notice of Electronic Filing (NEF) for the amended complaint. Similarly, the second amended complaint will be served upon the Defendants, except Defendants Young, Jones, Douglas and Masaconi, through the receipt by counsel of the NEF for the second amended complaint. Service of the second amended complaint upon Defendants Masaconi and Douglas has been ordered within a set time. Defendants Young and Jones cannot be served because they have not been sufficiently identified by the Plaintiff. The Plaintiff has been ordered to provide sufficient service information within a set time or Defendants Young and Jones will be recommended for dismissal as parties in this case.

## **DISCUSSION**

On February 2, 2009, Plaintiff filed a motion for default judgment as to Defendant J. Rittenhouse. Plaintiff asserts "Defendant J. Ritenhouse has not filed or served and answer or taken other action, in a timely manner, as may be permitted by law although more than sixty days have passed since the date of service of the summons and complaint." Plaintiff seeks an entry of default pursuant to Rule 55 of the Federal Rules of Civil Procedure.

Defendants filed a response in opposition asserting the defendants, on October 10, 2008, filed a motion for consolidation of the response time for all defendants based on the fact all defendants had not yet been served. Defendants contend that Defendant Rittenhouse, added as a defendant in the amended complaint filed September 2, 2008, was "inadvertently omitted" from the

3

Defendants' motion to consolidate response times.

The Plaintiff's motion for default is based on the fact Defendant Rittenhouse was not named in the Defendants' motion to consolidate response times. The Defendants' assert that they inadvertently omitted the recently added party, Defendant Rittenhouse, in the motion to consolidate response times. The motion for extension of time requested a consolidation of response times and an extension until "60 days after service on the final individual defendant." The Defendants' motion to consolidate times for response essentially allowed for one answer to be filed on behalf of all Defendants once all Defendants are served.  This motion was granted. All of the Defendants have not yet been served.  Thus, an answer is not yet due and Defendant Rittenhouse is not in default. [1]

An entry of default has not been entered in this case. Therefore, a motion for default judgment is premature. In any event, Defendants have shown good cause to overcome an entry of default. Therefore, it is recommended that Plaintiff's motion for default judgment be DENIED.

### **CONCLUSION**

For the reasons set forth herein, it is RECOMMENDED that the Plaintiff's motion for default judgment [docket # 58] be DENIED.

s/Thomas E. Rogers, III<br>
Thomas E. Rogers, III<br>
United States Magistrate Judge

April 7, 2009
Florence, South Carolina

---

[1] The undersigned has issued an order this day ordering the following: that plaintiff's Motion to Amend/Correct [docket # 48] is granted; that pursuant to Rule 4(m), the time limit for service of the second amended complaint on unserved defendants is set for 30 days, from the date of said Order; and, that all Defendants must file an answer, or otherwise plead, within 60 days from the final day of the extended time for service in this case

5