UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| ERIC CHILDRESS, | ) | Civil Action No.: 4:08-1579-SB-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| FCI BENNETTSVILLE WARDEN MR. PETTIFORD, et. al, | ) | |
| | ) | |
| Defendants. | ) | |

## I. INTRODUCTION

Plaintiff, who is proceeding pro se, was at all times relevant to the incidents set forth in his Complaint, housed at the Federal Correctional Institution located in Bennettsville, South Carolina (FCI Bennettsville). Plaintiff raises claims pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 397, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), complaining that Defendants were deliberately indifferent to his serious medical needs and that they failed to protect him from an excessive risk to his safety.[1]

Presently before the Court is Defendants' Motion to Dismiss (Document # 90). Because he is proceeding pro se, Plaintiff was warned pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), that a failure to respond to the Motion to Dismiss could result in the dismissal of his claims. Plaintiff timely filed a Response (Document # 93) to Defendants' Motion. Because Defendants

---

[1] A Bivens claim arises when a federal government official, acting under color of federal law, violates a individual's rights under the United States Constitution. Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics, 403 U.S. 388 (1971). The undersigned notes that case law involving § 1983 claims is applicable in Bivens actions and vice versa. Farmer v. Brennan, 511 U.S. 825 (1994).

attach to their Motion to Dismiss the Declaration of Jenifer G. Hollett and exhibits, which address Defendants' argument that Plaintiff failed to exhaust his administrative remedies on all but one claim, the undersigned will address this motion under both Rule 12(b)(6) and Rule 56 of the Federal Rules of Civil Procedure.

All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d), DSC. Because these motions are potentially dispositive of Plaintiff's claims, this Report and Recommendation is entered for review by the district judge.

## II. FACTUAL ALLEGATIONS

Plaintiff asserts the following factual allegations in his Complaint:

> On July 31, 2007, I was in the SHU at FCI Bennettsville, B-range. I was waiting for the Correctional Officers to come and escort me to the Recreation yard. About three or four Officers came to my cell door and all I could reckognize [sic] is C.O. Cash.
> I was still suffering from a shoulder injury I incurred from being brutally assaulted by SHU Lt. D. Schantz on June 8, 2007. . . . I was then handcuffed in the front, due to my shoulder injury, and then I was escorted down the hall-way to the Recreation Cage.
> Upon arriving at the Recreation Cage I told the Correctional Officers that I did not get along with my inmates that were in the Rec. cage and that I feared for my life. One Officer then said to me, "You'll be ok." Then they pushed me handcuffed into the Rec. cage. I pressed my body to block them closing the cage door, but I couldn't stop them from locking me in. I put my hand, through the slot to be un-handcuffed, but I saw the Officers back away. As I stood there an Inmate came from behind and struck me on the right side of me [sic] face/head area. I saw a bright light and immediately felt dizzy. I felt more blows to my body and I began to scream and holler for help.
> . . . I don't know how long I was out, but the next thing I remember is being in the precence [sic] of Medical Staff and being treated and having pictures taken of my injuries. I had an unbearable pain to the already injured Shoulder that was dislocated in June 8, 2007–after being assaulted by Lt. D. Schantz, I had bruises on my body and then I was provided with a BOP report, stating that I was assaulted by another Inmate.

Now in addition to trying to advance my grievance for being assaulted by Lt. D. Schantz, I made a documentation of <u>Informal Resolution Attempt</u> to why after I verbalized to the Correctional Officers that I feared for my life and that I wanted to go to another rec. cage . . . they put me in the rec. cage with the person I feared and the person/inmate who assaulted me.

While the grievance to the June 8, 2007 Incident was not even taken/documented, the grievance for the July 31, 2007, incident was started by the counsel, defendant-r. I continued to beg for full psychological help (on original Documentation of Informal Resolution Attempt–I stated I suffered from nightmares and headaches, that won't stop. . . ), but still the medical staff, defendant(s) h. and j. failed to treat my should appropriately by seeking an outside specialist. Unknown names of the Psychology Dept. staff.

Defendants a. through g. conspired and did not respond to challenges of a cover-up and putting Plaintiff's life in danger by retaliating for his complaint against Lt. D. Schantz. These defendant(s) walked through the SHU "weekly" and failed to acknowledge the Plaintiff's good faith complaints. Of course–it involved one of their own–initially, and now it involved several Correctional Officers who worked under the supervision of SHU Lt. D. Schantz, and who probably gave the Order to have Plaintiff put in the same rec. cage with the person he verbally acknowledged-he feared for his life.

Without resolving Plaintiff's initial complaints and further conspiring together the defendant(s) saw to transfer Plaintiff, without providing full Medical and Psychological treatment or addressing the allegations against Lt. D. Schantz and the Correctional Officers under his supervision.

Plaintiff now at FCI Edgefield, still in the State of South Carolina still suffers daily pain to his shoulder and unbearable migrane headaches, and has just recently received psychotropic medication for his psychological problems.

Complaint pp. 5-6. Plaintiff seeks monetary damages of $20 million dollars, the discharge of Defendant Schantz and all correctional officers under him in the SHU, full medical and psychological treatment and that he be placed in an Institution closest to his home. Complaint p. 7. In his Amended Complaint, Plaintiff adds a claim against Defendant J. Rittenhouse, B-1 Counselor at FCI Edgefield. Plaintiff alleges that after he was transferred to FCI Edgefield, Rittenhouse learned of the suit pending against the employees at FCI Bennettsville and retaliated against him by placing him in a three-man cell rather than a two-man cell and other harassment, including verbal abuse, fraud, misrepresentation, misconduct, threats of intimidation, lying, trickery, deceitful tactics,

searching his room, and allowing another officer to take his radio. Amended Complaint pp. 2-3.

### III. STANDARD OF REVIEW

#### A. Rule 12(b)(6)

Defendants bring this action pursuant to Rule 12(b)(6), Fed.R.Civ.P. This court is required to liberally construe pro se complaints. Erickson v. Pardus, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007). Such pro se complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.1978), and a federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980); Cruz v. Beto, 405 U.S. 319, 92 S.Ct. 1079, 31 L.Ed.2d 263 (1972). When a federal court is evaluating a pro se complaint, the plaintiff's factual allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a petition to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir.1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir.1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir.1985).

Moreover, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir.1990); see also Ashcroft v. Iqbal,

---U.S. ----, ----, 129 S.Ct. 1937, 1953, 173 L.Ed.2d 868 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions"). Although the court must liberally construe a pro se complaint, the United States Supreme Court has recently made clear that, under Rule 8 of the Federal Rules of Civil Procedure, a plaintiff in any civil action must do more than make mere conclusory statements to state a claim. See Iqbal, 129 S.Ct. at 1949; Twombly, 550 U.S. at 555. Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. Iqbal, 129 S.Ct. at 1949; Twombly, 550 U.S. at 570. The reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. Iqbal, 129 S.Ct. at 1949; Twombly, 550 U.S. at 555.

> Expounding on its decision in Twombly, the United States Supreme Court stated in Iqbal:
>
> [T]he pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement."
> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555, 556, 557, 570) (citations omitted); see also Bass v. Dupont, 324 F.3d 761, 765 (4th Cir.2003).

**B.    Rule 56**

The moving party bears the burden of showing that summary judgment is proper. Summary judgment is proper if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Rule 56(c), FRCP; Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Summary judgment is proper if the non-moving party fails to establish an essential element of any

cause of action upon which the non-moving party has the burden of proof. Celotex, 477 U.S. 317. Once the moving party has brought into question whether there is a genuine issue for trial on a material element of the non-moving party's claims, the non-moving party bears the burden of coming forward with specific facts which show a genuine issue for trial. Fed.R.Civ.P. 56(e); Matsushita Electrical Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574 (1986). The non-moving party must come forward with enough evidence, beyond a mere scintilla, upon which the fact finder could reasonably find for it. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). The facts and inferences to be drawn therefrom must be viewed in the light most favorable to the non-moving party. Shealy v. Winston, 929 F.2d 1009, 1011 (4th Cir. 1991). However, the non-moving party may not rely on beliefs, conjecture, speculation, or conclusory allegations to defeat a motion for summary judgment. Barber v. Hosp. Corp. of Am., 977 F.2d 874-75 (4th Cir. 1992). The evidence relied on must meet "the substantive evidentiary standard of proof that would apply at a trial on the merits." Mitchell v. Data General Corp., 12 F.3d 1310, 1316 (4th Cir. 1993).

Rule 56(e) provides, "when a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." See also Celotex, 477 U.S. at 324 (Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves). To raise a genuine issue of material fact, a party may not rest upon the mere allegations or denials of his pleadings. Rather, the party must present evidence supporting his or her position through "depositions, answers to interrogatories, and admissions on file, together with ... affidavits, if any." Id. at 322. See also Cray Communications, Inc. v. Novatel Computer Systems, Inc., 33 F.3d 390 (4th Cir. 1994); Orsi v.

Kickwood, 999 F.2d 86 (4th Cir. 1993); Local Rules 7.04, 7.05, D.S.C.

**IV. DISCUSSION**

    **A.    Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics**

Plaintiff brings this action under Bivens. Initially, the court notes that Bivens claims are not actionable against the United Sates, federal agencies, or public officials acting in their official capacities. FDIC v. Meyer, 510 U.S. 471, 475, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994). Suits against federal officials may not be brought under § 1983. District of Columbia v. Carter, 409 U.S. 418, 424-25, 93 S.Ct. 602, 34 L.Ed.2d 613 (1973). Federal courts have power under 28 U.S.C. § 1331 (1994) to award damages occasioned by infringements by federal officials of constitutionally protected interests. Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971); see Radin v. United States, 699 F.2d 681, 684 (4th Cir.1983) (Bivens recognized an action against federal officers sued in individual capacities, but not against the United States). Plaintiff's Bivens action cannot lie against the United States nor against the individual defendants in their official capacities. See United States v. Mitchell, 463 U.S. 206, 212, 103 S.Ct. 2961, 77 L.Ed.2d 580 (1983) (the United States cannot be sued without its express consent.); Radin v. United States, 699 F.2d 681, 685 (4th Cir.1983); Keene Corp. v. United States, 700 F.2d 836, 845 n. 13 (2d Cir.1983) (Bivens does not allow for recovery of money damages, or suits in general, against the government itself.). Accordingly, the plaintiff's claims against Defendants in their official capacities should be dismissed.[2]

---

[2] Sovereign immunity does not bar damage actions against federal officials in their individual capacities for violation of an individual's constitutional rights. Gilbert v. Da Grossa, 756 F.2d 1455, 1459 (citing Davis v. Passman, 442 U.S. 228, 99 S.Ct. 2264, 60 L.Ed.2d 846(1979)). Thus, to the extent Defendants are being sued in their individual capacities under Bivens, Plaintiff's claims are not barred by the doctrine of sovereign immunity.

### B. Failure to Exhaust Administrative Remedies

Defendants assert Plaintiff has failed to exhaust all but one of his claims. The Federal Bureau of Prisons has established an administrative procedure whereby a federal inmate may seek review of complaints relating to any aspect of his or her confinement. See 28 C.F.R. § 542. 10; Williams v. O'Brien, 792 F.2d 986, 987 (10th Cir.1986). The plaintiff must begin the process of administratively exhausting his administrative remedies by filing a Form BP-8 (the informal resolution process). If the plaintiff is not satisfied with the informal resolution, he must file a formal grievance with the Warden of his prison (using a Form BP-9). See 28 C.F.R. § 542.13(b); Smith v. Gonzales, 2006 WL 1074138 (D.S.C. April 19, 2006). When the Warden has issued a determination on the petitioner's formal grievance, only the first step of the formal administrative process will have been completed. If necessary, the plaintiff must appeal the Warden's determination to the Regional Director of the Federal Bureau of Prisons, and, if necessary, to the Office of General Counsel. Id. (citing 28 C.F.R. 542.15); see also Williams , 792 F.2d at 987. The petitioner "has no alternative but to comply" with these administrative procedures. Id.; see also 28 C.F.R. § 542.10 -§ 542.16; Martinez v. Roberts, 804 F.2d 570, 571 (9th Cir.1986) (federal prisoners are required to exhaust their federal administrative remedies prior to bringing a petition for habeas corpus relief in federal court); Smith, 2006 WL 1074138 (D.S.C. April 19, 2006).

Defendants have pleaded the affirmative defense of failure to exhaust administrative remedies and argue that Plaintiff has failed to exhaust all but one of his claims. Specifically, Defendants assert Plaintiff has exhausted only his failure to protect claim in which he asserts Defendant Cash placed him in the recreational cage with an certain inmate even after Plaintiff told him that he feared for his life around that inmate.

Defendant submitted the declaration of Jenifer G. Hollett in support of their position along with a copy of the Administrative Remedy Generalized Retrieval for Plaintiff. Hollett states that as part of her duties she has access to the Bureau of Prisons ("BOP") records and official databases concerning, among other things, inmate administrative remedies and location information. Hollett Dec. ¶ 2. Hollett asserts that she bases her declaration on the information in official BOP records and databases as well as her personal knowledge. Id. Hollet states that all attempts to file a formal request, even if rejected for procedural reasons, are logged into a national database. Id. at ¶ 6.

Hollett further declares that she has reviewed the Administrative Remedy log for Plaintiff, which reflects that Plaintiff has filed numerous requests for administrative remedy throughout his incarceration and has exhausted most, but not all, of his filings through the central office appeal level. Id. at ¶ 7. Hollett reviewed the filings made by Plaintiff related to this litigation. Id. at ¶ 8.

In August 2007, Plaintiff filed his request for administrative remedy related to the assault in the SHU recreation area that partially underlies Plaintiff's Complaint. Id. That grievance was assigned Remedy Identification Number 461617-F1. The only individual defendant mentioned in the grievance is Defendant Cash. The grievance was investigated and responded to on September 14, 2007. A copy of the grievance is attached to Plaintiff's Complaint. Plaintiff appealed the rejection of his grievance to the Regional Office on September 27, 2007. Hollett Dec. ¶ 9. He received a response dated October 24, 2007. Id. Plaintiff appealed this response to the National Inmate Appeals Administrator on November 23, 2007. Id. at ¶ 10. That appeal was initially rejected due to non-compliance with the filing rules. Id. Plaintiff resubmitted the appeal after correcting the noted deficiencies on December 17, 2007. Id. He received a response to that appeal dated February 20, 2008. Id. Defendant concedes that this issue raised in 461617-F1 has been exhausted.

However, Hollett states that she has reviewed the other exhausted remedies and finds that none of them deal with any issues raised in this action. Id. at ¶ 11. Plaintiff has filed no grievances concerning the alleged denial of medical care or that Defendant Schantz ordered him put in a recreation area with inmates known to pose a threat to his safety. Id. He has filed no grievances complaining that supervisory staff ignored his requests or that Defendant Rittenhouse retaliated against Plaintiff for filing the present action. Id. Given this failure to exhaust on the other claims, the only issue ripe for adjudication in this matter is the allegation against Defendant Cash. Accordingly, it is recommended that Plaintiff's claims other than the failure to protect claim against Defendant Cash be dismissed without prejudice for failure to exhaust administrative remedies.[3]

### C. Failure to Protect Claim Against Defendant Cash

Defendants argue that Plaintiff's claim against Defendant Cash regarding his placement in the recreational area on July 31, 2007, cannot survive a Motion to Dismiss because it is insufficient to raise a plausible constitutional claim against Cash. The Federal Rules of Civil Procedure require a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. Rule 8(a)(2), in order to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests," Conley v. Gibson, 355 U.S. 41, 47 (1957); Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002). The threshold requirement of Rule 8(a)(2) that the "plain statement" possess enough heft to "sho[w] that the pleader is entitled to relief." Twombly, 550 U.S.

---

[3]To the extent Plaintiff's claim against Schantz that he "probably" ordered that Plaintiff be put in the same recreational area as the inmate around whom Plaintiff stated he feared for his life could be considered exhausted by way of Plaintiff's grievance against Cash regarding that incident, dismissal of this claim against Schantz is nevertheless appropriate because Plaintiff's allegation is purely speculative and does not "state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570; see also Iqbal, 129 S.Ct. at 1949.

at 570. Rule 8's pleading standard does not require detailed factual allegations, but requires more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 129 S.Ct. at 1949; Twombly, 550 U.S. 544, 555 (2007).

Plaintiff alleges that Correctional Officer Cash and two to three other unidentified officers came to his door to escort him to recreation on July 31, 2007 at FCI Bennettsville. He claims that when he arrived at the recreation area, he told "the Correctional Officers" that he "did not get along with the inmates that were in the Rec. Cage" and that he "feared for his life." He claims that an unidentified officer stated "You'll be ok." Thereafter, the unnamed staff pushed him into the recreation area without removing the handcuffs. He alleges that he attempted to prevent the officers from closing the cage door, but was unable to do so. He further alleges that he put his hand through the slot to be un-handcuffed but the officers back away without removing his cuffs. He claims he was then assaulted repeatedly by at least one inmate in the cell prior to staff removing his handcuffs. Plaintiff alleges that he sustained additional injury to his already injured shoulder as well as bruises all over his body. He asserts he suffers constant pain in his shoulders as well as daily migraines and psychological problems.

The Eighth Amendment protects inmates from physical harm at the hands of fellow inmates resulting from "the deliberate or callous indifference of prison officials to specific known risks of such harm." Pressly v. Hutto, 816 F.2d 977, 979 (4th Cir.1987). Where it is alleged, as in Plaintiff's action, that prison officials failed to protect an inmate from harm, the appropriate legal standard is whether the official was deliberately indifferent to a known, specific risk of harm. See Moore v. Winebrenner, 927 F.2d 1312, 1315 (4th Cir.1991). The undersigned finds, given the liberal construction afforded pleadings drafted by pro se litigants, that Plaintiff has sufficiently stated a

claim for failure to protect in violation of the Eighth Amendment to withstand a Motion to Dismiss.

### D.     Qualified Immunity

Defendants also assert that Cash is entitled to qualified immunity. The Supreme Court in Harlow v. Fitzgerald, 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982), established the standard which the court is to follow in determining whether the defendant is protected by this immunity. That decision held that government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. Harlow, 457 U.S. at 818.

In addressing qualified immunity, the United States Supreme Court has held that "a court must first determine whether the plaintiff has alleged the deprivation of an actual constitutional right at all and, if so, proceed to determine whether that right was clearly established at the time of the alleged violation." Wilson v. Layne, 526 U.S. 603, 609, 119 S.Ct. 1692, 143 L.Ed.2d 818 (1999); see also Suarez Corp. Indus. v. McGraw, 202 F.3d 676, 685 (4th Cir.2000). Further, the Supreme Court held that "[d]eciding the constitutional question before addressing the qualified immunity question also promotes clarity in the legal standards for official conduct, to the benefit of both the officers and the general public." Wilson, 526 U.S. at 609. If the court first determines that no right has been violated, the inquiry ends there "because government officials cannot have known of a right that does not exist." Porterfield v. Lott, 156 F.3d 563, 567 (4th Cir.1998).

The determination of whether Defendant Cash is entitled to qualified immunity is more appropriately addressed after the facts of the case have been developed and after a determination has been made as to whether Plaintiff suffered a violation of his constitutional rights. Accordingly, dismissal of Defendant Cash is not proper at this time.

## V. CONCLUSION

For the reasons discussed above, it is recommended that Defendants' Motion to Dismiss (Document # 90) be denied in part and granted in part. Specifically, it is recommended that Defendant's Motion be denied as to Plaintiff's failure to protect claim against Defendant Cash and granted as to all other claims against all other Defendants for Plaintiff's failure to exhaust those claims. It is further recommended that the dismissal of Plaintiff's claims, other than the failure protect claim against Defendant Cash, be dismissed without prejudice.

        s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

February 10, 2010
Florence, South Carolina

**The parties are directed to the important notice on the following page.**