IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

Eric Childress, #44195-083,  )
                             )
           Plaintiff,        )
                             )
v.                           )   Civil Action No. 4:08-1579-SB
                             )
FCI Bennettsville Warden Mr. M.              )
Pettiford; Assistant Warden Mr. Smith;       )
Captain Ms. Denise Bawling; SHU              )
Lieutenant D. Schantz; Lieutenant            )
L. Miller; Lieutenant Senior Officer         )   **ORDER**
D. Moore; Doctor Luis Berrias; Doctor        )
Julia Berrias; Nurse H. Hansen; Cor.         )
Officer Cash; Cor. Officer Young; Cor.       )
Officer Ms. Douglas; Cor. Officer            )
Jones; Cor. Officer Ms. Cartwright; Unit     )
Manager J. Streeval; Case Manager            )
Mr. Steamer; Counselor Mr. Lewis; J.         )
Rittenhouse; and Assistant Warden,           )
Mr. Masaconi,                                )
                                             )
           Defendants.       )
_____)



This matter is before the Court upon the Plaintiff's *pro se* complaint, filed pursuant to 42 U.S.C. § 1983. In his complaint, the Plaintiff raises claims pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), asserting that the Defendants were deliberately indifferent to his serious medical needs and that they failed to protect him from an excessive risk to his safety.

In response to the Plaintiff's complaint, the Defendants filed a motion to dismiss pursuant to Rule 12(b)(6), asserting that the Plaintiff failed to exhaust his administrative remedies with respect to all but one of his claims and that the Defendants are entitled to qualified immunity. The Defendants attached the affidavit of Jennifer G. Hollett, an

attorney with the Bureau of Prisons who has access to prison administrative records.[1]

On February 12, 2010, United States Magistrate Judge Thomas E. Rogers, III issued a report and recommendation ("R&R"), in accordance with 28 U.S.C. § 636(b) and the local rules for this district. In the R&R, the Magistrate Judge analyzed the case and recommended that the Court dismiss all of the Plaintiff's unexhausted claims without prejudice. Next, however, the Magistrate Judge determined that it would be more appropriate to address the Plaintiff's sole exhausted claim (his failure to protect claim against Defendant Cash) after further factual development of the record. Accordingly, the Magistrate Judge recommended that the Court grant the Defendants' motion to dismiss and/or for summary judgment with respect to the Plaintiff's unexhausted claims and deny the Defendants' motion with respect to the Plaintiff's sole, exhausted claim against Defendant Cash.

Attached to the R&R was a notice advising the Plaintiff of his right to file specific, written objections to the R&R within fourteen days of the date of service of the R&R. On February 26, 2010, the Plaintiff filed objections to the R&R. The Court has thoroughly reviewed the Plaintiff's objections and finds them to be without merit. Indeed, in his objections, the Plaintiff seems to acknowledge his failure to exhaust, asserting that "his failure to 'fully' exhaust his administrative remedies should not require so severe of a sanction as recommended by the R&R." (Entry 97 at 3.) Unfortunately for the Plaintiff, however, exhaustion is a prerequisite to suit that must be completed *prior to* filing an



---

[1] Because the Defendants attached an affidavit to their motion, the Magistrate Judge addressed their motion under both Rules 12(b)(6) and 56 of the Federal Rules of Civil Procedure.

2

action. <u>Anderson v. XYZ Correctional Health Servs., Inc.</u>, 407 F.3d 674 (2005). After review, therefore, the Court finds that the Magistrate Judge fairly and accurately summarized the facts and applied the correct principles of law, and the Court adopts and incorporates the R&R.

Based on the foregoing, it is hereby

**ORDERED** that the R&R (Entry 95) is adopted and incorporated; the Plaintiff's objections (Entry 97) are overruled; and the Defendants' motion to dismiss (Entry 90) is denied in part and granted in part. Specifically, the Court denies the Defendants' motion with respect to the Plaintiff's failure to protect claim against Defendant Cash, but the Court grants the Defendants' motion with respect to all of the Plaintiff's other claims. The dismissal of the Plaintiff's claims (other than the failure to protect claim) shall be <u>without prejudice</u>. Lastly, because the Plaintiff's remaining claim against Defendant Cash requires additional factual development, the Court resubmits the case to the Magistrate Judge for further proceedings.

**AND IT IS SO ORDERED.**

The Honorable Sol Blatt, Jr.
Senior United States District Judge

#3

March 2-2, 2010
Charleston, South Carolina

3