UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Eric Childress | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No.: 4:08-cv-01579-JMC |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| Pettiford, *et al*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the court for review of the Magistrate Judge's Report and Recommendation ("Report") [Dkt. No. 123] on Plaintiff's Motion for Summary Judgment [Dkt. No. 113] and Defendant Cash's Motion for Summary Judgment [Dkt. No. 117]. Plaintiff Eric Childress ("Plaintiff"), who is proceeding *pro se*, is an inmate currently housed at the Federal Correctional Institution located in Edgefield, South Carolina.

Plaintiff filed a Complaint [Dkt. No. 1] claiming that eighteen (18) Defendants, all employees of Federal Corrections Institution in Bennettsville, South Carolina, where Plaintiff was previously incarcerated, were deliberately indifferent to Plaintiff's medical needs and failed to protect him from physical danger posed by other inmates. Defendants filed a Motion to Dismiss Plaintiff's claims. [Dkt. No. 90]. The Magistrate Judge issued a Report and Recommendation [Dkt. No. 95] recommending that the court deny in part and grant in part Defendants' Motion to Dismiss. Specifically, the Magistrate Judge recommended that the court deny Defendants' motion with respect to Plaintiff's failure-to-protect claim against Defendant Cash, but granted the motion as to the other claim and the remaining Defendants. The court adopted and incorporated the Magistrate Judge's Report and Recommendation and resubmitted the case to the Magistrate Judge for further proceedings. [Dkt. No. 99].

1

Upon resubmission of Plaintiff's remaining claim against Defendant Cash, the Magistrate Judge issued the Report and Recommendation being reviewed here, recommending that Plaintiff's Motion for Summary Judgment be denied and that Defendant Cash's Motion for Summary Judgment be granted. [Dkt. No. 123]. This court adopted the Magistrate Judge's Report on February 14, 2011, without providing an explanation as is allowed when no objections are filed. *See Camby v. Davis*, 718 F. 2d 198, 199 (4th Cir. 1983). Plaintiff then filed his objection to the Report and Recommendation on February 16, 2011. The court granted Plaintiff's Motion for Reconsideration. The court now rules on the Magistrate Judge's Report and Recommendation regarding the party's respective summary judgment motions on Plaintiff's failure to protect claim against Defendant Cash. The Report sets forth in detail the relevant facts and legal standards on this matter, which the court incorporates herein without a recitation.

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to the court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C. 636(b)(1).

Objections to the Report must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the district judge accepts the recommendation. *See United States v. Schronce*, 727 F.2d 91, 94 & n.4 (4th Cir. 1984).

In his Objection [Dkt. 128] to the Magistrate Judge's Report, Plaintiff argues that the Magistrate Judge erroneously concluded that Plaintiff failed to present any evidence to support his allegations of deliberate indifference on the part of Defendant Cash. Plaintiff argues that he "has come forward with evidence in the form of allegations detailing Defendant Cash's actions and lack of [sic] that resulted in Plaintiff being assaulted and sustaining serious injuries . . . ." Plaintiff's Objection to the Report and Recommendation at 3 [Dkt. No. 128]. Plaintiff proceeds to restate his original allegations, which he argues are "very specific and detailed." *Id.* at 4. As discussed in the Magistrate Judge's report, mere allegations, no matter how specific or detailed, are not sufficient to show that a genuine issue of material fact exists. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

Plaintiff also rejects the Magistrate Judge's finding that Defendant Cash's actions, even viewed in a light most favorable to Plaintiff, do not rise to the level of deliberate indifference. The Magistrate Judge correctly explained the two requirements for demonstrating liability for deliberate indifference: "First, the evidence must show that the official in question subjectively recognized a substantial risk of harm . . . [and] [s]econd, the evidence must show that the official in question subjectively recognized that his actions were "inappropriate in light of that risk."' *Parrish ex rel. Lee v. Cleveland*, 372 F.3d 294, 303 (4th Cir. 2004) *(*quoting *Rich v. Bruce,* 129 F.3d 336, 340 n. 2 (4th Cir. 1997)). Plaintiff suggests that because he allegedly told Defendant Cash that he would be attacked if placed in his assigned recreation area, Defendant Cash was on notice of the potential danger. The Magistrate Judge contrasted Plaintiff's unsubstantiated claims that he warned Defendant Cash of the potential danger with Defendant Cash's substantiated testimony that Plaintiff did not mention his fear of being attacked either before the attack or in the investigation immediately following the attack. Furthermore, despite Plaintiff's

3

claims to the contrary, mere allegations and conclusory statements are insufficient to establish that Defendant Cash subjectively recognized a substantial risk of harm or that Defendant Cash subjectively knew his actions were inappropriate.

After a thorough review of the Report and the record in this case, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation [Doc. 123]. It is therefore **ORDERED** that Plaintiff's Motion for Summary Judgment [Dkt. No. 113] is **DENIED** and Defendant Cash's Motion for Summary Judgment [Dkt. No. 117] is **GRANTED** and that this case is **DISMISSED** in its entirety without prejudice.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

Greenville, South Carolina
November 21, 2012